DAUKSCH, Chief Judge.
This is an appeal from a judgment denying specific performance of a contract for the sale of a business.
The contract, absent the signature lines, witness lines and notary acknowledgment is set out in full below:
OPTION AGREEMENT
IN CONSIDERATION of the sum of ONE HUNDRED AND NO/100 DOLLARS ($100.00) in hand paid this date, receipt of which is hereby acknowledged, the undersigned LA VERNE MARTIN-CIC, Seller, grants to HENRY C. ANDERSON, Buyer, an option to purchase all of the capital stock and all of the corporate assets, together with all patent and trademark rights belonging to Dayto-na Automotive Fiberglass, Inc. and La-Verne Martincic, Individually, for the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and FIFTY AND NO/100 ($50.00) royalty on each Daytona Migi fiberglass body manufactured after date of closing of stock purchase, with minimum terms as follows:
$50,000.00 down upon the transfer of the stock and other assets and $25,-000.00 per year for the next four (4) years together with interest at the rate of 8% per annum; or,
upon such terms as are mutually agreeable to the Seller and the Buyer upon the closing of the stock and asset transfer.
The term of this option shall be for a period of ninety (90) days from the date of this Option Agreement. In the event the Buyer desires to exercise this option within the option period, he shall give *14 written notice of his intent to exercise the option to Seller by Certified mail, return receipt requested at the following address:
852-910 Carswell Avenue
Holly Hiil, Florida 32017
This Option shall be binding upon the heirs, personal representatives, successors, and assigns of the Seller and shall inure to the heirs, personal representatives, successors, and assigns of the Buyer.
DATED this 18th day of November, 1977, at Daytona Beach, Florida.
The question on appeal is whether the agreement is so ambiguous to render it unenforceable. The trial court ruled it is; we disagree and reverse. The trial court properly found all conditions precedent were complied with but found the appellant had not carried his burden to prove “the terms and manner for payment of the purchase price and accordingly has failed to carry the burden of proof required to entitle Plaintiff to specific performance of the Option Agreement.”
In analyzing the agreement we find it is clear in its terms and that the manner of payment is set out quite clearly. The purchase price is one hundred fifty thousand dollars ($150,000.00) and a royalty of fifty and no/100 ($50.00) on each body manufactured. The manner of payment is either by paying $50,000.00 down when the stock and assets change hands, plus $25,000.00, plus interest, per year for the next four years or, upon any other mutually agreeable terms. This last phrase is apparently what the trial court found rendered the agreement ambiguous. It does not because it is mere sur-plusage, inherent in every contract.
The other point on appeal about the trial court having erred in admitting parol evidence is rendered moot by our finding the agreement not to be ambiguous. This agreement is clear in its terms, not open to a misinterpretation and cannot be “explained” by parol evidence so we are not substituting our judgment for that of the trial court in disputed evidence. J. C. Penney Co., Inc. v. Koff, 345 So.2d 732 (Fla. 4th DCA 1977).
The judgment is reversed and this cause is remanded for further proceedings on appellant’s complaint for damages after entry of judgment for appellant on his prayer for specific performance.
REVERSED AND REMANDED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.